UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00176-FDW-DSC

| | |
|---|---|
| MARK J. RYCHEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| LANE YATES and MICHAEL QUICKEL, ) | |
| JR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion to Enforce Settlement Agreement and for Entry of Judgment by Confession as to Defendant Lane Yates. (Doc. No. 91). Defendant Yates did not respond to the motion, and the time for doing so has expired. After review of Plaintiff's Motion and Brief in Support, and allowing Defendant ample time to respond, this Court GRANTS Plaintiff's Motion.

Plaintiff initiated the underlying action against Defendant Yates and co-defendant Michael Quickle, Jr., to recover damages from the Plaintiff's investment in a proposed resort property development. (Doc. No. 91). Plaintiff and Yates agreed upon a full settlement and release of all claims that was memorialized in a Settlement Agreement executed February 27, 2012. (Doc. No. 91, Ex. 1). The parties agreed Defendant Yates would repay Plaintiff $600,000 and execute a Confession of Judgment in Plaintiff's favor for the same amount less credit for any payments made. (Doc. No. 91, Ex. 2). Plaintiff agreed to hold the Confession of Judgment so long as Defendant Yates repaid the full $600,000 on or before February 13, 2013. As of February 14, 2013, Defendant Yates had failed to pay the remaining $594,000, thereby breaching the Settlement Agreement.

Upon motion by Plaintiff, This Court reopened this case as to Defendant Yates and vacated the parties previous stipulation to dismissal upon Plaintiff's motion. (Doc. No. 90). Plaintiff subsequently filed a Motion to Enforce Settlement Agreement and Entry of Judgment by Confession with this Court seeking relief. To date, Defendant Yates has no notified the Court that he has satisfied his obligation, and the time for responding to Plaintiff's motion has expired.

This Court may exercise its inherent power to enforce a settlement agreement if (1) the parties have reached a complete agreement, and (2) its terms and conditions are readily determinable. <u>Hensley v. Alcon Laboratories, Inc.</u>, 277 F.3d 535, 540-41 (4th Cir. 2002) (citations omitted). Where a factual dispute arises over the agreement's existence or its terms, the agreement may not be summarily enforced. <u>Id.</u> at 540 (holding it improper for a district court to "place itself into the role of 'final arbiter' of a settlement agreement"). The Court has reviewed the parties' Settlement Agreement, which unequivocally sets forth the terms agreed to and signed by all parties. According to Plaintiff's uncontested motion, Defendant Yates has failed to adhere to the terms of that agreement.

IT IS THEREFORE ORDERED because both prongs of <u>Hensley</u> are satisfied in this case, this Court GRANTS Plaintiff's Motion to Enforce the Settlement Agreement (Doc. No. 91). The Clerk is respectfully DIRECTED to enter judgment against Defendant Lane Yates in the amount of $594,000.00 in accord with the Confession of Judgment (Doc. No. 91, Exhibit 2).

Signed: March 25, 2013

Frank D. Whitney
United States District Judge